UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON BENDER,

    Plaintiff,

v.                                        Case No.: 8:24-cv-2959-WFJ-NHA

UNITED STATES OF AMERICA, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

I recommend that the Court dismiss this case, because Plaintiff Samson Bender has neither paid the Court's filing fee, nor received permission to proceed without paying it.

Plaintiff, who is not represented by an attorney, sought to bring this lawsuit without paying the Court's filing fee. *See* Doc. 2. On December 30, 2024, the Court dismissed without prejudice Plaintiff's initial complaint because it did not include any facts (Doc. 4), and dismissed without prejudice Plaintiff's motion to proceed without pre-paying fees, because the financial affidavit he filed was incomplete (Doc. 3). The Court directed the Clerk to send to Plaintiff the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and directed Plaintiff to "complete all

pages of the application and re-file it or, alternatively, pay the filing fee, within 21 days." Doc. 3. Moreover, the Court warned, "If Plaintiff fails to pay the filing fee or to move to proceed in forma pauperis within the time provided, the Court could dismiss this action, without prejudice, without further notice." *Id*.

Following the Court's orders (Docs. 3, 4), on January 6, 2025, Plaintiff filed an Amended Complaint. Doc. 5. However, Plaintiff did not pay the filing fee or file a new motion to proceed without paying, timely or otherwise. Plaintiff has failed to provide the information the Court needs to determine whether he is eligible to proceed without paying the Court's filing fee. Thus, the Court cannot determine whether Plaintiff can afford the filing fee and cannot authorize his lawsuit to move forward without prepayment.

A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahasse Police Dep't*, 205 Fed. App'x. 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). And Federal Rule of Civil Procedure 41(b) expressly permits the Court to dismiss an action when a plaintiff fails to prosecute it or fails to abide by a court order, after giving notice to the plaintiff that it intends to do so.

Here, the Court's prior order warned that Plaintiff's failure to either pay the filing fee or submit a complete financial affidavit could result in dismissal of his case. Doc. 3. Plaintiff has not paid the filing fee or submitted a complete financial affidavit. Given that Plaintiff has failed to prosecute his case and failed to abide by the Court's Order (Doc. 3), dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

## Conclusion

Accordingly, I RECOMMEND that the Court dismiss this case without prejudice, and direct the Clerk to close it.

SUBMITTED to the District Court on January 28, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To

expedite resolution, parties may file a joint notice waiving the 14-day objection period.